## 55897. COALLEY v. THE STATE.

BANKE, Judge.

The appellant was convicted of aggravated assault. He appeals the denial of his motion for new trial, in which he alleged, among other things, the existence of newly discovered evidence which would have produced a different verdict had it been available at trial.

The evidence shows that the appellant and an acquaintance named Gerald Cross entered into an altercation at the Oasis Club one evening in Mt. Airy. The dispute ended, at least temporarily, when Cross hit the appellant over the head with a billy club. The appellant's wife helped him into their car, and they left.

A few minutes later a car rode by, and someone inside it fired a shotgun blast at Cross. The victim was standing next to Cross and was hit in the leg. He testified that he saw the appellant fire the shot. The appellant testified that he remembered nothing that happened that evening after he was hit over the head.

The newly discovered evidence consists of the statements of two eyewitnesses who contend that they saw the shooting and that, although the appellant was in the car, another person fired the shot. Both these witnesses were listed on the indictment, and it appears from the transcript that at least one of them was issued a subpoena by the state; however, the subpoena was never served because the witness could not be located. *Held:*

1. "The rules relating to the grant of a new trial based on newly discovered evidence are: (1) that the evidence has come to the knowledge of the moving party since the trial; (2) *that it was not owing to the want of due diligence that the moving party did not acquire it sooner;* (3) that it was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. [Cits.]" *Walters v. State,*

128 Ga. App. 232 (2), 233 (196 SE2d 326) (1973). (Emphasis supplied.)

The appellant made no showing that he exercised due diligence in attempting to locate the two missing witnesses, both of whom, as has previously been indicated, were listed as witnesses on the indictment. One of the two witnesses testified at the hearing on the motion for new trial that he was a close friend of the appellant's, and it is reasonable to assume that the appellant would have recognized him at the night club. Neither witness was subpoenaed by the defense. Although defense counsel contends that he had been assured by the district attorney that the witnesses would be made available at trial, this assertion is denied by the state, which contends that the defense was merely informed that it had issued subpoenas for the two. Furthermore, it is not at all probable that the testimony of these two witnesses was so material that it would have resulted in a different verdict in view of the existence of other circumstances tending to cast grave doubt on its credibility. The investigating officer testified that immediately after the shooting one of these witnesses told him that the appellant was the one who had fired the shotgun. It was undisputed that the appellant's wife was driving the car, yet she was not called by the defense at trial to state who had done the shooting.

For the above reasons, we hold that the trial court did not err in denying the motion for new trial on the ground of newly discovered evidence.

2. The evidence amply supported the verdict.

3. The appellant's remaining arguments are merely restatements of his remaining enumerations of error and are not supported by any citation of authority. We have nevertheless reviewed each of them and have determined each to be without merit.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED JUNE 5, 1978 — DECIDED JULY 3, 1978.

*James M. Rea,* for appellant.
*V. D. Stockton, District Attorney, Michael H.*

*Crawford, Assistant District Attorney,* for appellee.